## No. 81

### COLUMBUS RY. P. & L. CO. v. BUSH, Admr.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1458. Deciedd Oct. 14, 1926

1235. VERDICT—Although the jury is allowed considerable latitude in estimating the amount of damages in a wrongful death action, it is to be estimated from the situation and circumstances as disclosed by the evidence.

ALLREAD, J.

Marion Bush, as administrator, brought an action against the Columbus Ry. Power & Light Co., in the Franklin Common Pleas to recover damages for the wrongful death of Marion George Bush, 3½ years of age, who was killed by a street railway car of the Company. It was alleged that the car was operated at a high and reckless rate of speed, that the decedent was in plain view of the motorman, who failed to exercise due care in discovering the boy and avoiding hitting him; and that there was a failure to give warning. The trial resulted in a verdict in favor of Bush in the sum of $5000.

Error was prosecuted and errors assigned are: error in the cross-examination of the motorman as to a declaration made shortly after the accident; in the giving and refusal of special charges; errors in the general charge; and that the verdict is against the manifest weight of the evidence; especially as to the amount of damages. The Court of Appeals held:—

1. The cross-examination of the motorman was competent, as affecting his credibility.

2. Certain special charges were properly refused by the court for the reason that they did not correctly state the law; and the general charge fully covered the issues and discloses no prejudicial error.

3. In regards to whether or not the verdict is excessive, it is clear that the jury are allowed considerable latitude in estimating the amount of damages; and that the amount of damages does not depend upon mathematical certainty; but it is to be estimated by the jury from the situation and circumstances disclosed in the evidence.

4. "It is, in actions brought for wrongful death, within the discretion of the jury to make such an award as they consider proper and reasonable for the pecuniary injury - - - - It is the reasonable expectancy of pecuniary benefit to the next of kin, and may comprise what might reasonably have been expected from decedent during his life and also from his estate at death - - - - etc." 16 OA. 498.

5. The verdict is not so excessive as to justify a finding that there was bias or prejudice on part of the jury, nor in finding that the verdict is so manifestly excessive as to warrant a reviewing court in interfering.

Judgment affirmed.

(Ferneding & Kunkle, JJ., concur.)

Attorneys—Johnson, Sharp, Schooler & Toland for Bush; John M. Connor and Harry P. Nester for Company; all of Columbus.